**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GROUPON, INC., | |
| Plaintiff, | Civil Action No.: |
| v. | Judge: |
| MOBGOB, LLC, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES**

Plaintiff Groupon, Inc. (hereinafter "Groupon"), by and through its attorneys, complains and alleges against MobGob, LLC, (hereinafter "MobGob"), as follows:

**PARTIES**

1. Groupon is a corporation organized under the laws of the State of Delaware and having a place of business at 600 West Chicago Ave., Chicago, IL 60654.

2. Groupon is in the business of, *inter alia*, promoting the goods and services of others through its website at www.groupon.com. Groupon's website feature coupons, price-comparison information, product reviews, links to the retail websites of others and discount information.

3. Upon information and belief, MobGob is a limited liability corporation organized under the laws of the State of California and having a place of business at 12100 Wilshire Blvd., Los Angeles, CA 90025.

4.   Upon information and belief, MobGob markets and advertises goods and services in conjunction with the promotion of goods and services of others by providing a website www.mobgob.com, that features coupons and discounts of those goods and services.  MobGob transacts business within the State of Illinois and in this District, and has committed acts of patent infringement as hereinafter set forth within the State of Illinois and in this District.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

5.   This is a civil action for patent infringement arising under the Patent Laws of the United States, and more specifically, under Title 35, United States Code §1 *et seq.*

6.   This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, and 35 U.S.C. §§ 271, 281, 283, 284 and 285.  Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c) and 28 U.S.C. §1400(b).

## THE PATENTS-IN-SUIT

7.   On July 31, 2001, United States Patent No. 6,269,343 ("the '343 patent"), entitled "On-Line Marketing System And Method," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '343 patent is attached hereto as Exhibit A.

8.   The '343 patent is valid and subsisting and is owned by Groupon.

## **COUNT I: PATENT INFRINGEMENT**

9. Groupon repeats and realleges each of the allegations of paragraphs 1 through 8 as if set forth fully herein.

10. MobGob has created, or has had created for it, and has used, or actively induced others to use, a system for aggregating demand for the purchase of a product by a number of individual buyers. The MobGob website, located at the URL www.mobgob.com, allows sellers to provide a conditional sales offer for a product or service and set a price for that product or service depending on the aggregate amount of acceptances of the conditional sales offer made in a specified and limited time.

11. MobGob has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '343 patent in violation of 35 U.S.C. § 271 through the creation and use of the MobGob website. Infringement is direct, as well as contributory, and by actively inducing infringement by others.

12. On information and belief, MobGob had actual and constructive notice of the existence of the '343 patent. MobGob's continued acts of infringement has been, and will continue to be, wanton and willful.

13. MobGob's infringing activities have damaged and will continue to damage Groupon. Unless MobGob's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, MobGob will continue to infringe the '343 patent causing harm to Groupon's business, market, reputation and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Groupon prays for relief against the Defendant as follows:

A. That U.S. Patent No. 6,269,343 be adjudged infringed by MobGob, and that the infringement be held to be willful;

B. That Groupon be awarded compensatory damages for past infringement by MobGob in an amount no less than a reasonable royalty, in a sum to be determined at trial, and that said damages be trebled in view of the willful and deliberate nature of the infringement;

C. That MobGob, their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with MobGob be preliminarily and permanently enjoined from further infringement of the patents in suit;

D. That MobGob be ordered to deliver to Groupon for destruction all infringing products and systems in their possession, including the MobGob website located at the URL www.mobgob.com;

E. That this case be declared an exceptional case under 35 U.S.C. §285, and that Groupon be awarded its attorney fees incurred in this action;

F. For an award to Groupon of costs of this action, interest on the award and other charges to the maximum extent permitted; and

G. For such other further relief as the Court deems just and proper under the circumstances.

-5-

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  November 18, 2010

Respectfully submitted,

**GROUPON, INC.**

By:   s/  Steven McMahon Zeller
      One of Plaintiff's Attorneys

Steven McMahon Zeller
Kyle A. Davis
DYKEMA GOSSETT, PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
PH: (312) 876-1700
Fax: (312) 627-2302

CHICAGO\3081453.2
ID\JAP - 065640/0001