UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GROUPON, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOBGOB, LLC, <br><br> Defendant. | Case No. 1:10-CV-07456-WJH <br><br> Hon. William J. Hibbler |

**MOBGOB, LLC'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS GROUPON, INC.'S CLAIMS OF INDUCED INFRINGEMENT,
CONTRIBUTORY INFRINGEMENT, AND WILLFUL INFRINGEMENT**

Rather than attempt to cure its deficient Complaint, by, for example, filing an amended complaint, Plaintiff Groupon, Inc. ("Groupon") instead submits an opposition nearly three times as long as its bare-bones Complaint, based on "allegations" that exist nowhere in the Complaint, and court decisions that simply do not say what Groupon claims they say. Even under the most generous interpretation, Groupon's Complaint, which is five pages at a stretch, contains only two "factual" sentences possibly relating to purported infringing conduct.[1] These two sentences, however, are insufficient to state claims of induced, contributory or willful infringement. The sentences do not give rise to a plausible inference that MobGob, LLC ("MobGob") actually knew of the patent-in-suit, specifically intended others to directly infringe, specifically designed its website to be used for infringement, acted despite an objectively high likelihood of

---

[1] D.I. ¶¶ 4 ("Upon information and belief, MobGob markets and advertises goods and services in conjunction with the promotion of goods and services of others by providing a website www.mobgob.com, that features coupons and discounts of those goods and services."), 10 ("The MobGob website, located at the URL www.mobgob.com, allows sellers to provide a conditional sales offer for a product or service and set a price for that product or service depending on the aggregate amount of acceptances of the conditional sales offer made in a specified and limited time.").

1

infringement, and knew of that risk, all of which are elements of induced, contributory or willful infringement. Rather, Groupon's two "factual" statements suggest only that MobGob operates a website for discounted goods and services – hardly "sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Groupon's claims of induced, contributory and willful infringement should, therefore, be dismissed.

I. **GROUPON FAILS TO STATE A CLAIM FOR INDUCED INFRINGEMENT**

Groupon repeatedly attempts to obfuscate the relevant issues by misrepresenting MobGob's motion as a motion for summary judgment. Stating the elements for induced infringement, as set forth in *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) and *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006), however, does not transform MobGob's motion into a motion for summary judgment. Indeed, the Supreme Court in *Iqbal* "beg[a]n by taking note of the elements a plaintiff must plead to state a claim …." *Iqbal*, 129 S. Ct. at 1947.

Implicitly conceding that it has not alleged sufficient facts suggesting that MobGob actually knew of the patent-in-suit, Groupon further attempts to confuse the issue by asserting that actual knowledge is not required. Groupon goes so far as to argue that "[t]his is simply not the law" in light of *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360 (Fed. Cir. 2010). However, rather than hold that actual knowledge was not required, the *SEB* court held that the fact that the defendant "deliberately ignored the risk that [plaintiff] had a patent" was sufficient for purposes of induced infringement. *Id.* at 1378. The Court recognized that "the standard of deliberate indifference of a known risk is not different from actual knowledge, but is a form of actual knowledge." *Id.* at 1377. In other words, far from holding that actual knowledge is not required, the Court recognized that deliberate indifference constitutes actual knowledge.

In addition, the Complaint fails to sufficiently plead that MobGob specifically intended for others to directly infringe the patent-in-suit. The fact that MobGob operates a website from

2

which goods and services may be purchased does not show or even intimate a specific intent to induce infringement.

Moreover, Groupon's reliance on this Court's decisions in *Edge Capture LLC* and *UTStarcom, Inc.* is misplaced. *Edge* does not even refer to induced infringement. The only pleading issue in Edge was whether the plaintiff adequately specified the products or services accused of infringement. *Edge Capture LLC v. Lehman Bros. Holdings Inc.*, 2008 U.S. Dist. LEXIS 83945, at *3 (N.D. Ill. Aug. 28, 2008). Groupon also misleadingly suggests that MobGob's motion imposes a "special showing" requirement rejected by this Court in *UTStarcom*. The "special showing" in *UTStarcom*, however, related to whether the defendants acted within the scope of their employment, an issue wholly irrelevant here. *UTStarcom, Inc. v. Starent Networks Corp.*, 2009 WL 3104402 , at *2 (N.D. Ill. Mar. 24, 2009).

## II. GROUPON MAY NOT RELY ON ALLEGATIONS NOT SUPPORTED BY ITS COMPLAINT TO STATE A CLAIM FOR CONTRIBUTORY INFRINGEMENT

Groupon's contention that it has adequately stated a claim for contributory infringement curiously relies on allegations that appear nowhere in the Complaint. For instance, Groupon contends that MobGob "operated the accused website with the aid of third parties," and collaborates with www.amazon.com. Opp'n at 8. However, no such allegations are made in the Complaint. Groupon further contends that it is reasonable to infer that "MobGob supplies components, such as controlling software for the accused website, that have no substantial noninfringing uses" and that "MobGob supplies components that are a material part of the invention." *Id.* However, the only two statements in the Complaint that come close to describing the MobGob website make no reference, and certainly do not imply, that MobGob makes any components especially designed to be used for infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 688 (S.D. Ohio 2010) (dismissing contributory infringement claim for failure to allege that defendant "knew its product was especially designed for use to infringe").

### III.    GROUPON FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

Rather than concede that it has not alleged sufficient facts to suggest that MobGob acted despite an objectively high likelihood of infringement, and knew of that risk, Groupon again resorts to arguing that requiring facts sufficient to give rise to a plausible inference of willful infringement transforms the pleading standard into a summary judgment standard.  As recognized by the Court in *Twombly*, however, the analysis begins by taking note of the elements of the asserted cause of action.

At best, Groupon's only relevant willfulness allegation consists of its assertion, on information and belief, that MobGob had actual or constructive notice of the patent-in-suit.  This bare assertion, coupled with the conclusory allegation of willfulness is insufficient to give rise to a plausible inference of willful infringement.  Even assuming that MobGob knew of the patent-in-suit, nothing in the Complaint implies an objectively high likelihood of infringement, or knowledge of such risk.

### IV.    CONCLUSION

For the reasons stated above and in MobGob's opening brief in support of this Motion, Groupon's claims of induced, contributory and willful infringement should be dismissed.


Dated:  March 23, 2011                                          Respectfully submitted,

**RUSS AUGUST & KABAT**


By:___/s/_____
       Alexander C.D. Giza

Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:    (310) 826-7474
Facsimile:    (310) 826-6991

Attorneys for Defendant MobGob, LLC

**CERIFICATE OF SERVICE**

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on March 23, 2011 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


Dated: March 23, 2011                                    By: /s/
                                                                 Alexander C.D. Giza