IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GROUPON INC., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) No. 10 C 7456 |
| v. | ) |
| | ) The Honorable William J. Hibbler |
| MOBGOB LLC, | ) |
| | ) |
| Defendant/Counter-Claimant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Groupon brought this suit alleging that Defendant MobGob infringed its patent for an "On-Line Marketing System and Method." It alleges direct infringement, along with contributory infringement, willful infringement, and inducement of infringement. MobGob now moves to dismiss the claims of contributory infringement, willful infringement, and inducement of infringement for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). MobGob has also filed two counterclaims and a number of affirmative defenses. Groupon now moves to dismiss MobGob's second counterclaim and strike a number of the affirmative defenses. For the reasons stated below, the Court DENIES MobGob's motion and GRANTS Groupon's motions.

## BACKGROUND

Groupon alleges the following facts in its complaint, which the Court must accept as true for purposes of MobGob's Rule 12(b)(6) motion. *Disability Rights Wisc., Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

Groupon is in the business of promoting the goods and services of others through its website. Groupon's website features coupons, price-comparison information, product reviews,

1

links to the retail websites of others, and discount information. Since July 31, 2001, Groupon has owned a United States Patent for its "On-Line Marketing System and Method."

MobGob also promotes the goods and services of others on its website, which also features coupons and discounts. The website allows sellers to provide a conditional sales offer for a product or service and set a price for that product or service depending on the aggregate amount of acceptances of the conditional sales offer made in a specified and limited time. The system that the website uses for aggregating demand infringes on Groupon's patent. MobGob either created the system or had someone create the system for it. In addition, it has used the system or actively induced others to use it. Groupon also alleges, upon information and belief, that MobGob engaged and continues to engage in this conduct willfully and despite actual and constructive notice of the existence of Groupon's patent.

MobGob answered the complaint by recognizing the existence of the patent, and essentially denying every allegation in the complaint that was not tied directly to its motion to dismiss. Because it filed its motion to dismiss, it did not admit or deny any of the allegations related to that motion.

MobGob also presented a number of affirmative defenses. Groupon moves the Court to strike four of these. MobGob does not object to the Court striking its first and eighth defenses, and has withdrawn them. Thus, the Court need only address MobGob's second and fifth defenses. MobGob's second defense states, in its entirety, "The '343 Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101-103, 112, and 116, and is also unenforceable." Its fifth defense states, in its entirety, "To the extent Groupon does not own all the rights to the '343 Patent, the Complaint must be dismissed for lack of standing."

MobGob also brings two counterclaims. The first is a claim for a declaratory judgment that MobGob has not infringed, either directly or indirectly, any of the claims of the patent. The only additional fact MobGob alleges in support of this claim is that it has not infringed the patent. Groupon's motion does not address this claim.

The second counterclaim seeks a declaratory judgment that the Groupon patent is invalid. After incorporating by reference all of the preceding paragraphs in its pleading, MobGob adds only the following: "The...Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101-103, 112, and 116." Essentially, MobGob restates its second affirmative defense in this claim. Groupon moves to dismiss this claim.

## *DISCUSSION*

### I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss under federal notice pleading, a claimant must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the claimant's favor. *Disability Rights Wisc.*, 522 F.3d at 799. The pleading requirements are the same for counterclaims as they are for complaints as Rule 8(a) applies to any "pleading that states a claim for relief." Fed. R. Civ. P. 8(a).

The Seventh Circuit has also stated that affirmative defenses are subject to the same general pleading requirements, including the requirement that they contain a "short and plain statement" of the defense, which must include more than "bare bones conclusory allegations." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989). Thus, despite potentially valid policy arguments for holding affirmative defenses to a lower pleading standard than complaints, *see, e.g., Lane v. Page*, --- F.R.D. ----, No. CIV 06-1071 JB/ACT, 2011 WL 693176 (D.N.M. Jan. 14, 2011) (noting, among other things, limited time period available for investigating and drafting affirmative defenses and waiver as consequence for omitting defenses), the Court must apply the same standards, including those expressed recently by the Supreme Court in *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, despite MobGob's arguments to the contrary, the Court will not apply the oft-repeated, but recently retired, rule from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed. 2d 80 (1957), which held that a pleading "should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," to any of the pleadings in this case. *See Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 (holding that "the phrase is best forgotten").

## II. Analysis

### A. MobGob's motion to dismiss

MobGob's motion essentially focuses on Groupon's allegations of knowledge and intent. MobGob first notes that to succeed on a claim of inducement of infringement, contributory infringement, or willful infringement a plaintiff must prove that the defendant had actual knowledge of the patent in question. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (inducement of infringement); 35 U.S.C. § 271(c) (contributory

infringement); *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d. 831, 860 (Fed. Cir. 2010) (willful infringement). MobGob argues that Groupon's pleading that MobGob had such knowledge "upon information and belief" is insufficient to survive a motion to dismiss.

Second, MobGob notes that a level of intentionality is required of each claim as well. In order to show inducement, a plaintiff must show a "specific intent to encourage another's infringement of the patent." *Vita-Mix Corp.*, 581 F.3d at 1328. In order to show contributory infringement, a plaintiff must show that the defendant supplied a material component "knowing the same to be especially made or especially adapted for use in an infringement" of the patent in question. 35 U.S.C. § 271(c). In order to show willful infringement, a plaintiff must show that the "infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). MobGob argues that Groupon's allegations do not state sufficient facts to support its claims that MobGob acted with the level of intention required in each instance.

MobGob simply asks too much of Groupon in this case. Even under the enhanced pleading standard of Rule 9(b), a plaintiff may plead conditions of the mind, such as knowledge and intent, generally. Fed. R. Civ. P. 9(b). Thus, this is clearly acceptable under the notice pleading standard of Rule 8(a) that is applicable here. Moreover, while Groupon pleads MobGob's actual knowledge of the patent upon information and belief, this is a common and accepted pleading practice. *See In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011); *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005).

MobGob is correct that Groupon must still set forth enough factual matter to make even its general allegations plausible. *In re BP Lubricants USA Inc.*, 637 F.3d at 1311. However, the Court finds that Groupon has done so. Groupon alleges that it has a valid and publicly-filed

patent. In fact, it attached a copy of the patent and MobGob admitted its existence. It alleges that MobGob runs a website that allows visitors to use an infringing system for buying and selling goods and services. It alleges that MobGob either created the infringing system itself or had someone else create the system for it. It alleges that MobGob allows others to use its system for promoting their goods and services. It is reasonable to infer that MobGob had actual knowledge of Groupon's public patent (or at the very least that it has such knowledge now and allegedly continues its activities). Given that, it is also reasonable to infer that, assuming MobGob's system does directly infringe on the patent, that it created it or caused someone else to create the infringing system knowing that it would so infringe. It is also reasonable to infer that even if MobGob did not create the system, it intentionally uses its website to host and run the system and to give others the opportunity to use the infringing system to promote goods and services. Thus, Groupon need not plead any more and the Court denies MobGob's motion to dismiss.

**B. Groupon's motion to strike**

At the outset, the Court notes that Groupon's motions, like MobGob's motion, are unlikely to result in a more streamlined or efficient resolution of this matter. Whether MobGob's affirmative defenses and counterclaim stand or not, Groupon will be subject to the same discovery requirements. For this reason, motions to strike are often disfavored. Nonetheless, the Court will strike affirmative defenses when they are insufficient on their face and, given that they are subject to the pleading requirements detailed above, MobGob's second and fifth affirmative defenses clearly fall into that category.

First of all, while MobGob complains that Groupon makes some of its allegations "upon information and belief," MobGob fails to even offer this level of factual support for its pleadings.

In its second affirmative defense, MobGob claims that the patent is invalid, but rather than providing Groupon with notice of the basis for its claims, it simply cites a whole series of statutory provisions that address a number of topics.

MobGob's fifth affirmative defense fails for it lack of factual matter as well, but must be stricken for an additional reason. In its pleading MobGob suggests that Groupon may not be the owner of the patent. However, MobGob does not even state this as a matter of fact. It states in its answer that it "is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the…Patent is owned by Groupon." Then, in its affirmative defense it simply suggests that Groupon lacks standing "[t]o the extent that [it] does not own all the rights to the…Patent." Nowhere does MobGob affirmatively allege that Groupon does not own the patent. Thus, the defense lacks the factual support necessary to survive a motion to strike. Moreover, even if MobGob had made such an allegation, or if the Court were to accept MobGob's denial of Groupon's ownership based on its lack of sufficient knowledge or information as an affirmative allegation, the defense must be stricken because it does not constitute an affirmative defense. A party stating an affirmative defense must accept the plaintiff's allegations as true for purposes of the defense, and then state some affirmative matter that excuses it from liability despite this admission. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006). Here, rather than accepting Groupon's allegations as true for the purposes of its defenses, MobGob purports to base its affirmative defense on its denial of Groupon's statement that it owns the patent. Groupon bears the burden of proving its ownership of the patent as part of its case. If it cannot do so, then its claims must fail. Thus, MobGob need not plead Groupon's lack of ownership as an affirmative defense.

7

For these reasons, the Court grants Groupon's motion to strike MobGob's second and fifth affirmative defenses. However, the Court gives MobGob leave to amend its second affirmative defense.

**C. Groupon's motion to dismiss**

For the same reason the Court granted Groupon's motion to strike MobGob's second affirmative defense, it must dismiss MobGob's second counterclaim. The counterclaim is based on the same general, unsupported allegation that formed the basis of that affirmative defense. Because MobGob has not alleged a single fact in support of its claim, it fails to give Groupon notice of the basis of its claim. Moreover, it provides the Court with no basis for making a reasonable inference in its favor. In other words, its claims of invalidity are not plausible. They are merely possible. This is not enough to survive a Rule 12(b)(6) motion to dismiss.

The Court will not excuse MobGob's inadequate pleadings simply because the local patent rules require the company to provide more detail regarding its claims of invalidity at a later point. MobGob argues that to require additional allegations at this point would conflict with Local Patent Rule 2.3(b). First of all, even if this were true, the Court would not interpret the provisions of a local rule to trump the requirements of the Federal Rules of Civil Procedure. Secondly, contrary to MobGob's claims, there is no conflict between the requirements of notice pleading and the requirements of Local Patent Rule 2.3(b). The patent rule requires a party asserting invalidity to disclose the bases of its claims in detail and with particularity. LPR 2.3(b). Rule 8(a) does not require so much detail. Thus, MobGob can meet its pleading requirements here without providing the level of detail that it will have to provide at a later point when complying with LPR 2.3(b).

Thus, the Court grants Groupon's motion to dismiss, but will do so without prejudice to MobGob amending its counterclaim.

## CONCLUSION

For these reasons, the Court DENIES Defendant/Counter-Claimant MobGob's motion to dismiss and GRANTS Plaintiff/Counter-Defendant Groupon's motions to strike and dismiss. The Court grants MobGob leave to amend its pleadings in accordance with this opinion.

IT IS SO ORDERED.

_5/25/11_
Dated

Hon. William J. Hibbler
United States District Court